IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD PHILLIP BEATS,      )
            )
      Petitioner,      )
            )
v.            )      Case No. CIV-12-14-HE
            )
MARVIN VAUGHN,      )
            )
      Respondent.      )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  Respondent filed a Response  [Doc. 10] seeking denial of habeas relief on grounds of procedural bar.  Petitioner did not reply and his time to do so has expired; consequently, the matter is now at issue.  For the following reasons, it is recommended that the Petition be denied in part.

## Procedural History

Pursuant to a guilty plea, Petitioner was convicted in the District Court of Oklahoma County, Case No. CF-2010-5402, for possession of a precursor substance without a permit after two or more prior felony convictions.  *See* Petition, p. 1 & Ex. B, p. 7.[1]  Petitioner did not move to withdraw the guilty plea or seek to appeal his conviction.  Instead, he filed an application for post-conviction relief alleging an illegal sentence and ineffective assistance

---

[1]    References herein to page numbers of documents filed with the court correspond to the court's CMECF pagination.

of trial counsel. *See id.*, pp. 2-3 & Ex. A, pp. 2-4. The state district court denied relief on the ground that Petitioner had waived his claims, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. *See id.*, Ex. B, pp. 8-11, Ex. D, pp. 1-2.

## **Petitioner's Claims**

Petitioner raises two claims for relief: an illegal sentence (Ground One) and ineffective assistance of trial counsel based on counsel's failure to challenge the enhancement of his sentence with stale prior convictions and failure to order a pre-sentencing investigation (Ground Two). *See* Petition, pp. 5-6.

## **Analysis**

Respondent argues that both of Petitioner's claims are procedurally barred. *See* Response, pp. 3-7. With respect to Ground One, the undersigned agrees and recommends denial of habeas relief. However, for the following reasons, the undersigned finds that procedural bar is inapplicable to Petitioner's Ground Two.

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on an independent and adequate state procedural ground. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). The ground is considered independent if it relies on state law rather than federal law. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). In order for the ground to be considered adequate, it "must be applied evenhandedly in the vast majority of cases." *Id.* Petitioner can avoid a procedural default by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman*, 501 U.S. at 750. In order to demonstrate cause, Petitioner must show an external

2

impediment preventing compliance with the procedural rule. *See id.* at 753.  Absent a finding of cause, the court need not consider assertions of prejudice. *Cole v. New Mexico*, 58 Fed. Appx. 825, 830 (10th Cir. 2003).

Alternatively, Petitioner can avoid a procedural bar by showing a fundamental miscarriage of justice will result if his claim is not addressed on the merits. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).  To invoke this exception, Petitioner must "supplement[] his constitutional claim with a colorable showing of factual innocence." *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).

I. <u>Ground One</u>

The state court found that Petitioner had waived his claim by failing to seek withdrawal of his guilty plea, and the OCCA affirmed, citing Rules 2.1(B) and 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. *See* Petition, Ex. B, pp. 8-14, Ex. D, pp. 1-2 & n.2.  The OCCA's application of its rules constitutes an independent and adequate state procedural ground for default. *See Hickman v. Spears*, 160 F.3d 1269, 1271-72 (10th Cir. 1998) (holding that the OCCA's rule that claims not raised in a motion to withdraw a guilty plea were waived was independent and adequate and agreeing that petitioner's claim that his sentence was illegal was procedurally barred).  Accordingly, Petitioner's claim in Ground One that his sentence was illegal is barred from this court's consideration unless Petitioner can show either:  (1) cause and prejudice to excuse the procedural default, or (2) a fundamental miscarriage of justice.

The only excuse Petitioner offers for failing to file a motion to withdraw his guilty plea is his ignorance of the law. *See* Petition, p. 5. However, such explanation neither constitutes an "external impediment" to filing nor legally suffices to establish "cause." *Rodriquez v. Maynard*, 948 F.2d 684, 687-88 (10th Cir. 1991) (holding that petitioner's ignorance of the law was neither "external" nor sufficient to constitute adequate "cause" to overcome procedural bar). Nor does Petitioner even allege factual innocence much less make the showing of a colorable claim of innocence required to demonstrate a fundamental miscarriage of justice. *See Demarest*, 160 F.3d at 1275.

For these reasons, the undersigned finds that Ground One of the Petition is procedurally barred and should be denied.

## II. Ground Two

The same is not true for Petitioner's claim of ineffective assistance of trial counsel.

In *Hickman*, the Tenth Circuit Court of Appeals held that the short period of time that an Oklahoma inmate has to withdraw his guilty plea was inadequate to "give him sufficient opportunity to discover and develop his ineffective assistance of counsel claim." *Hickman*, 160 F.3d at 1272. Because of the inadequacy of the state court rule, the appellate court held that petitioner's ineffective assistance of counsel claim was not procedurally barred. *See id.*[2]

---

[2]     The state court's application of the waiver rule may be found adequate to procedurally bar an ineffective assistance of counsel claim if: (1) petitioner was represented by two separate attorneys at trial and on appeal, and (2) the ineffectiveness claims can be resolved upon the trial record alone. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998). The exception does not apply here.

The facts of *Hickman* are substantially similar to those in the present case. Petitioner had the same short period of time in which to file his motion to withdraw his guilty plea, and under *Hickman*, such time is inadequate to sufficiently develop ineffective assistance of counsel claims. Accordingly, the undersigned finds that Ground Two is not subject to procedural bar and should not be denied on that basis. *See, e.g., Hyatt v. Rudek*, No. CIV-10-1396, 2011 WL 3348225, *2-3 (W.D. Okla. June 28, 2011) (applying *Hickman* and finding that a claim of ineffective assistance of counsel related to a guilty plea was not procedurally barred despite having been "waived" in the state court), *adopted*, 2011 WL 3419502, *1 (W.D. Okla. Aug. 3, 2011).

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Ground One, but not Ground Two, of the Petition be denied on grounds of procedural bar. Ground Two is not subject to procedural bar.

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 25th day of September, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  Should the recommendation be adopted, the undersigned would recommend a new referral for further review of Ground Two.[3]

Entered this 5th day of September, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[3]     The existing record is insufficient to determine the merits of Ground Two.