IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD PHILLIP BEATS,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Case No. CIV-12-14-HE |
| ) | |
| MARVIN VAUGHN,   ) | |
| ) | |
| Respondent.   ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Initially, Respondent filed a Response [Doc. 10] seeking denial of habeas relief on grounds of procedural bar. The undersigned recommended denial of the claim raised in Ground One (illegal sentence) of the Petition as procedurally barred but concluded that the claim in Ground Two (ineffective assistance of counsel) was not procedurally barred. *See* Report and Recommendation [Doc. 12]. Judge Heaton adopted the recommendation and re-referred the matter to the undersigned for further review of the claim in Ground Two, *see* Order [Doc. 13]. Respondent then filed a Supplemental Response [Doc. 15], seeking denial of the remaining claim on the merits. Petitioner did not reply and his time to do so has expired; consequently, the matter is now at issue. For the following reasons, it is recommended that habeas relief be denied.

## Procedural History

Pursuant to a guilty plea, Petitioner was convicted in the District Court of Oklahoma County, Case No. CF-2010-5402, for possession of a precursor substance without a permit, after two or more prior felony convictions. *See* Petition, p. 1 & Ex. B, p. 7.[1] Petitioner did not move to withdraw the guilty plea or seek to appeal his conviction. Instead, he filed an application for post-conviction relief alleging an illegal sentence and ineffective assistance of trial counsel. *See id.*, pp. 2-3 & Ex. A, pp. 2-4. The state district court denied relief on the ground that Petitioner had waived his claims, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. *See id.*, Ex. B, pp. 8-11, Ex. D, pp. 1-2.

## Petitioner's Remaining Claim

In Petitioner's remaining claim (Ground Two) he alleges ineffective assistance of trial counsel based on counsel's failure to challenge the enhancement of his sentence with stale prior convictions. *See id.*, pp. 5-6.

## Standard for Habeas Relief

Because the OCCA did not address the merits of Petitioner's ineffective assistance of counsel claim, the court should exercise its independent judgment. *See, e.g., Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002). In this situation, Petitioner must show a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (*per curiam*) ("Habeas corpus is a civil proceeding and the burden is upon the

---

[1] References herein to page numbers of documents filed with the court correspond to the court's CMECF pagination.

petitioner to show by a preponderance of the evidence that he is entitled to relief." (citation omitted)).

## Analysis

Petitioner argues that his trial attorney ignored his request to "challenge the use of his prior felony convictions and . . . request for a pre-sentence investigation." Petition, p. 6. According to Petitioner, this resulted in the "use [of] stale and unusable prior convictions to enhance his sentence." *Id.*

All ineffective assistance of counsel claims are governed by the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, Petitioner must establish that "counsel's representation fell below an objective standard of reasonableness," and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. Although *Strickland* announces a two-part test, the Supreme Court has noted that the court need not consider both prongs of the *Strickland* test if a petitioner makes an insufficient showing on one. *See id.* at 697.

In part, Respondent argues that counsel's conduct was not deficient, *see* Response, pp. 7-10, and the undersigned agrees.

Petitioner admitted that on August 10, 2010, he possessed a precursor substance without a permit, and that he had four prior felony convictions in Case Nos. CF-87-2363, CF-89-2902, CF-92-7007, and CF-92-7017. Response, Ex. 5, pp. 1-6. Petitioner now argues that those prior convictions were "stale" and could not be used to enhance his sentence and

that his attorney should have challenged the use of the prior convictions through an objection or pre-sentencing investigation.[2] The undersigned finds that at least two of the prior convictions were available for enhancement purposes, and trial counsel therefore had no grounds on which to raise an objection.

Oklahoma law allows enhancement with a prior conviction when a new crime is committed "within ten . . . years of the date following the completion of the execution of the sentence." Okla. Stat. tit. 21, § 51.1(A). Ordinarily, once the ten-year period elapses, the conviction can no longer be used for enhancement purposes. *See* Okla. Stat. tit. 21, § 52.1. However, a stale conviction can be revitalized for purposes of enhancement if during the ten-year period following conviction, the defendant commits another felony. *See id.*; *see also Ruth v. State*, 966 P.2d 799, 801 (Okla. Crim. App. 1998) (for purposes of sentence enhancement, "felony convictions . . . may be used to revitalize prior offenses that occurred prior to a period of ten years since the completion of the sentence imposed").

Petitioner was convicted in June 1989 in Case No. CF-87-2363, and he completed that sentence in November 1991. *See* Response, Ex. 9, p. 1. Alone, this conviction would be too old to apply to Petitioner's August 2010 conviction. However, in December 1992, Petitioner was convicted of two felonies in Case Nos. CF-92-7007 and CF-92-7017. *See id.* Because

---

[2]   Petitioner does not explain his argument involving the pre-sentencing investigation. The undersigned assumes that Petitioner believes the alleged staleness of the prior convictions would have been discovered in that investigation.

these felony convictions occurred within ten years of the June 1989 conviction, Case No. CF-87-2363 was revitalized for purposes of enhancement.

Petitioner was also convicted in June 1989 in Case No. CF-89-2902, and that sentence was not completed until November 2000. *See id.*; *see also* Response, Ex. 8. Because Petitioner's August 2010 possession of a precursor substance without a permit occurred within ten years of the completion of that sentence, Case No. CF-89-2902 was also available for enhancement purposes.

As noted above, Petitioner plead guilty to possessing a precursor substance without a permit after the commission of two or more prior felonies. Because Case Nos. CF-87-2363 and CF-89-2902 were both legitimate prior felonies for purposes of enhancement,[3] trial counsel had no grounds to challenge the use of these priors felonies through an objection or pre-sentence investigation. Therefore, his representation was not constitutionally deficient. *See Luman v. Champion*, No. 95-5275, 1997 WL 143594, at *3 (10th Cir. Mar. 31, 1997) (unpublished op.) (agreeing that where no objection is warranted, trial counsel's failure to object is not constitutionally deficient).[4]

---

[3] It is not clear whether Case Nos. CF-92-7007 and CF-92-7017 were listed because they revitalized Case No. CF-87-2363 or if they were independently relied upon for enhancement purposes. However, because Case Nos. CF-87-2363 and CF-89-2902 were both available for enhancement, the undersigned has not addressed the independent availability of Case Nos. CF-92-7007 and CF-92-7017.

[4] Finding no deficient conduct, the undersigned declines to address Respondent's argument involving prejudice.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the Petition be denied on the merits of the remaining claim (Ground Two). The court has already denied Ground One on the basis of procedural bar, thus adoption of the present recommendation would dispose of the Petition entirely.

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 27th day of February, 2013. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 7th day of February, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE