## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RICHARD PHILLIP BEATS,            )
                                  )
                    Petitioner,   )
vs.                               )          NO. CIV-12-00014-HE
                                  )
MARVIN VAUGHN,                    )
                                  )
                    Respondent.   )

## ORDER

Petitioner Richard Phillip Beats, a state prisoner, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.  The matter was referred for initial proceedings to Magistrate Judge Bana Roberts consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  She has recommended that the remaining claim in the petition, alleging ineffective assistance of counsel, be denied.[1]  Neither party objected to the Report and Recommendation and thereby waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996).  See 28 U.S.C. § 636(b)(1)(C).

Petitioner pleaded guilty on January 24, 2011, to possessing a precursor substance without a permit.  His sentence was enhanced based on prior felony convictions, which he claims his attorney was ineffective for failing to challenge on the ground those convictions were stale.  Under Oklahoma law, if any person with two felony convictions "commits a subsequent felony offense within ten (10) years of the date following the

---

[1]*The court previously dismissed petitioner's claim that his sentence was illegal on the ground that claim is procedurally barred.  Doc. #13, Order adopting Sept. 5, 2012, Report and Recommendation.*

completion of the execution of the sentence," his or her sentence may be enhanced. 21 Okla. Stat. 51.1(C).  At the time of his January 24, 2011, conviction, petitioner had four prior felony convictions: CF-87-2363, CF-89-2902, CF-92-7007 and CF 92-7017.  He completed serving his sentence for his conviction in CF-87-2363 on November 28, 2000, which was within ten years of August 6, 2010, the date he possessed the precursor substance.  Although he had already completed serving the terms of his other sentences, under Oklahoma law, "[i]n cases of multiple sentences, ... consecutive sentences are viewed as one incarceration term consisting of multiple sequential sentences. . . .  An inmate who has completed one sentence and "rebills" to the next consecutive sentence has not discharged and is not issued a 'Certificate of Release.'" Warnick v. Booher, 144 P.3d 897, 902 (Okla.Crim.App. 2006) ).  As explained by respondent, because petitioner's other felony convictions were "rebilled and extended," those sentences were not completed or discharged until November 28, 2000.  Respondent's supplemental response, p. 8.  Therefore, petitioner's felony convictions were not stale and could be used to enhance his sentence. The court concurs with the magistrate judge that petitioner's counsel was not constitutionally ineffective for failing to object to their use.

Accordingly, petitioner's petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE